NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Argued December 4, 2012
Decided May 31, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

JOHN J. THARP, JR.,[1] *District Judge*

No. 10-3904

DAVID H. KINDRED,                       Appeal from the United States Tax Court
           *Petitioner-Appellant,*

    v.

                                          No. 13200-07

COMMISSIONER OF
INTERNAL REVENUE,
           *Respondent-Appellee.*

### O R D E R

David H. Kindred is an Illinois resident earning in excess of $2 million per year, and did not file or pay his income taxes in 2001 or 2002. As a result, the Commissioner prepared substitute returns and made assessments against Kindred. Kindred's deficiencies were calculated to be

---

[1] The Honorable John J. Tharp, Jr., District Judge of the United States District Court for the Northern District of Illinois, Eastern Division, sitting by designation.

$912,529 for taxable year 2001 and $1,184,115 for taxable year 2002, and additions to the assessed tax in both years. The additions to Kindred's tax liability were for failure to file timely tax returns, I.R.C. § 6651(a)(1); failure to make timely tax payments, I.R.C. § 6651(a)(2), and for underpayment of taxes I.R.C. § 6654(a).

On March 9, 2007, the Commissioner sent Kindred a notice of deficiency for 2001 and 2002. Kindred then filed a petition requesting redetermination of the deficiencies with the Tax Court. Thereafter, the parties entered into a stipulation of settled issues in which they agreed that Kindred's tax liability for 2001 (jointly owed with his wife) was $439,619 and that he was entitled to an earned income credit of $6,000. The parties also agreed that for taxable year 2002, Kindred's liability (again jointly owed with his wife) was $325,890. The stipulation also stated that the parties did not reach an agreement on the additions to the tax.

The case was ultimately submitted to the Tax Court as fully stipulated pursuant to Tax Court Rule 122. In his brief before the Tax Court, Kindred argued that the funds seized by the United States in *United States v. Vallone et al.*, Case No. 04-CR-372, an unrelated criminal forfeiture action, should be applied to his tax liability. However, when Kindred sought to intervene in that case, the district court found that he was, at best, an unsecured creditor and had no standing to contest the forfeiture in that action. Kindred also argued before the Tax Court that he disagreed with the imposition of additions to tax; however, Kindred did not provide any evidence, defense, or other rationalization supporting his "disagreement" with the assessed penalties.

On May 13, 2010, the Tax Court issued a memorandum opinion upholding the Commissioner. The Tax Court held that it lacked jurisdiction over the forfeited funds in *Vallone*, and further noted that the district court had already rejected Kindred's claims to the forfeited funds and therefore those funds could not be credited against his outstanding tax liability.

The Tax Court ultimately held that Kindred was liable for the additions as asserted by the Commissioner. The Tax Court found nothing in the record to support Kindred's "disagreement" with the additions, and noted that he failed to offer any defense or exception as required under the Code. The Court explained:

> There is no evidence in the record that petitioner had reasonable cause for a late filing or that an exception to the section 6654 addition to tax for failure to pay estimated taxes applies, and petitioner thus cannot prevail on those issues. Moreover, petitioners briefs proposed findings of fact unsupported by and contrary to the record and did not address the merits of the additions to tax. Thus he has conceded the absence of reasonable cause for the late filings of his

returns for the years in issue and the absence of an exception to the section 6654 addition to tax.

Now, on appeal, Kindred only challenges the Tax Court's finding with regard to the additions to tax. Kindred argues that the Tax Court committed clear error: (1) when it found that Kindred did not address the merits of the additions to tax argument, and (2) when the court failed to provide a basis for its finding that Kindred waived his additions to tax argument, when he did not meaningfully address it before the court. We review the Tax Court's factual determinations, as well as the application of legal principles to those factual determinations, for clear error. *Pittman v. C.I.R.*, 100 F.3d 1308, 1312 (7th Cir. 1996) citing *Eyler v. Commissioner*, 88 F.3d 445, 448 (7th Cir. 1996).

First, we agree with the Tax Court that Kindred did not address the merits of his argument against the additions to tax. While it is clear from the record that Kindred "disagreed" with the additions to tax, that fact alone is obviously not sufficient to avoid the additions. Penalties are assessed by the IRS when a taxpayer fails to pay income taxes on time "unless it is shown that such failure is due to reasonable cause and not due to willful neglect." 26 U.S.C. § 6651(a)(2). Unless both reasonable cause and a lack of willful neglect are established, imposition of these penalties is mandatory. *Matter of Carlson*, 126 F.3d 915, 921 (7th Cir. 1997) (citations omitted). Kindred failed to support his "disagreement" with the assessed additions with evidence of reasonable cause. Accordingly, the Tax Court found in favor of the Commissioner and we agree.

Next, Kindred confusingly argues that the Tax Court committed clear error "by failing to address the additions to tax issue." Kindred contends that the Tax Court treated his argument in a cursory fashion when it determined that Kindred did not address the merits of the additions to tax issue and therefore "has conceded the absence of reasonable cause for the late filing of his returns . . . ."

Far from cursory, we find the Tax Court's assessment on point. Outside of Kindred's general "disagreement" with the additions to tax, he offers no viable explanation that could be considered reasonable cause or an exception to the § 6654 addition to tax. The Tax Court noted that the undisputed facts are that Kindred did not file timely returns, did not pay the deficiencies at the time they were due, and has failed to present any persuasive reason or authority in support of his general "disagreement" with the additions to tax. We agree; and hence, find no clear error and AFFIRM the decision of the Tax Court.